[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14626
Non-Argument Calendar

_____

D.C. Docket No. 0:18-cv-62335-UU

ERIC WATKINS,

Plaintiff-Appellant,

versus

K.O. RAMCHARAN,
Deputy,
BROWARD SHERIFF'S OFFICE,
Sheriff Scott Israel,

Defendant-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 22, 2019)

Before MARCUS, JORDAN and ROSEBAUM, Circuit Judges.

PER CURIAM:

Eric Watkins, proceeding pro se, appeals the district court's sua sponte dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim. On appeal, Mr. Watkins argues that the district court failed to adequately consider his claims that Deputy K.O. Ramcharan and the Broward County Sheriff's Office (BSO) violated his constitutional rights by ordering him to leave a shopping center and threatening to arrest him if he did not.

This action arises from Mr. Watkins' encounter with Deputy Ramcharan on October 5, 2014. Mr. Watkins alleges that Deputy Ramcharan parked his car in front of his vehicle in a shopping center, "blocking him from leaving." Deputy Ramcharan informed Mr. Watkins that he had received an anonymous complaint about his presence on the property, ordered him to leave, and warned him that he would be arrested for trespassing if he did not. Mr. Watkins protested that Deputy Ramcharan lacked authority to arrest him, but departed the property without further incident.

Mr. Watkins filed a complaint asserting various constitutional violations under § 1983, including the deprivation of his "due process liberty rights," and unlawful seizure in violation of the Fourth Amendment. He included a claim against the BSO for failing to train its officers to properly enforce Florida's trespass laws.

The district court sua sponte dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). It concluded that Mr. Watkins had not stated a plausible claim of

constitutional violations because Deputy Ramcharan had not detained him and only threatened to arrest him. *See Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1199 (11th. Cir. 2012) (a "seizure" occurs when an officer, by means of physical force or show of authority, terminates or restrains a person's freedom of movement through means intentionally applied). The district court also concluded that the BSO and Sheriff Scott Israel were not liable for a failure to train the officers because Mr. Watkins had been unable to demonstrate that any underlying constitutional violation had occurred. *See City of Canton v. Harris*, 489 U.S. 378, 391 (1989) (for *Monell* liability to attach, "the identified deficiency in a city's training program must be closely related" to the alleged constitutional deprivation).

For the reasons outlined in the district court's order, we agree that Mr. Watkins failed to allege facts sufficient to demonstrate that he suffered any constitutional deprivation. His claims all turn on whether he was seized by authorities and, because he was not, they each must fail. *See California v. Hodari D.*, 499 U.S. 621, 627–28 (1991). Accordingly, we affirm.

**AFFIRMED.**

3